E-FILED
Friday, 23 October, 2026 08:52:15 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BRANDYN BLACHARSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01145-SEM-DJQ |
| | ) | |
| MCMILLAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Indiana State Prison, alleges Defendants are liable for occurrences at FCI Pekin. Plaintiff proceeds in forma pauperis. The case is before the Court for merit review.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d

645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must “state a claim for relief that is plausible on its face.” *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants McMillan, Lovett, Shea, and McDowell, all employees or former employees at FCI Pekin.

Plaintiff alleges that McMillan, Lovett, and Shea worked together to physically attack him on April 9, 2024, at FCI Pekin. They falsely alleged he was under the influence of some substance and used that false allegation as a pretext to attack him in his cell, causing physical injuries.

These allegations state a Federal Tort Claims Act claim against the United States of America. *See Millbrook v. United States*, 569 U.S. 50, 57 (2013).

The balance of Plaintiff’s allegations are too sparsely pled to state a claim for relief that is plausible on its face. Plaintiff indicates that he spoke to FCI Pekin’s Warden at the time, McDowell, about McMillan harassing him some time earlier. Plaintiff’s allegations of this nature are not sufficiently clear to state a claim against McDowell.

Plaintiff also includes allegations related to denial of access to mail services. There is no viable *Bivens* cause of action for a First Amendment claim of this kind. *See Egbert v. Boule*, 596 U.S. 482, 498 (2022); *Pinson v. U.S. Dep't of Just.*, 514 F. Supp. 3d 232, 242–43 (D.D.C. 2021). And there is no viable FTCA claim for intentional non-delivery of mail as the United States enjoys sovereign immunity against such claims. *See United States Postal Serv. v. Konan*, 607 U.S. 391, 406 (2026); 28 U.S.C. § 2680 (FTCA shall not apply to "Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.").

**IT IS THEREFORE ORDERED:**

**1. Motion Requesting Copy [10] is GRANTED. Clerk to provide Plaintiff with a copy of [6] and a copy of the docket sheet.**

**2. The Clerk is directed to substitute the United States of America for Defendants McMillan, Lovett, and Shea.**

**3. Plaintiff states an FTCA claim against the United States of America based on the alleged assault and battery by McMillan, Lovett, and Shea. Additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. McDowell to be terminated.**

**4. This case is now in the process of service. The plaintiff must wait until counsel has appeared for the defendant before filing motions, so defendant receives notice and an opportunity to respond. Motions filed before**

**defendant's counsel files an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**5. Defendant shall file an answer within 60 days of the date of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendant's positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendant. Therefore, no response to the answer is necessary or will be considered.**

**6. After the defendant has filed an answer, the court will enter an order setting discovery and dispositive motion deadlines.**

**7. This district uses electronic filing. After defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendant's counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**8. Counsel for the defendant is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendant shall arrange the time for the deposition.**

**9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone**

**number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**10. The clerk is to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11. The Clerk is directed to attempt service on the United States of America pursuant to the standard procedures.**

Entered October 23, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE